IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENDRICK DEMON STIDOM** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:21-cv-01389 |
| **JP MORGAN CHASE BANK, NATIONAL ASSOCIATION** | § § § § | |
| *Defendant*. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, KENDRICK DEMON STIDOM ("Plaintiff"), by counsel, brings this action against the named Defendant, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION ("Defendant") and would respectfully show the Court as follows:

**I.**

**PARTIES**

1.01    Plaintiff is a 45-year-old African American male.

1.02    Defendant JP Morgan Case Bank, National Association is a Foreign Financial Institution with its headquarters at 270 Park Avenue, New York, NY 10017-2070.  Defendant may be served with process through its registered agent C T Corporation System, 1999 Bryan St. Ste 900, Dallas, Texas 75201-3136.

**II.**

**JURISDICTION AND VENUE**

2.01    Jurisdiction on Plaintiff's federal law claims is conferred on this Court by 28 U.S.C.

'1331 and by 28 U.S.C. '1367 on his Texas common law claims.

2.02   Venue for all causes of action stated herein lies in this District and Division because the acts alleged in this Complaint took place, in whole or in part, within this District, pursuant to 28 U.S.C. '1391.

## III.

## FACTUAL ALLEGATIONS AND BACKGROUND

3.01   Defendant is engaged in the business of providing banking and investment services throughout Texas and the United States.

3.02   Plaintiff began working for Defendant in November 1999 as a Check Processor in Defendant's Arlington, Texas branch. Plaintiff successfully performed this function in Defendant's Arlington location, at its downtown Dallas location, and also at the Defendant's Centerport, Texas location.

3.03   On October 31, 2009, Plaintiff' was rehired at Defendant's Coppell, Texas branch as an Operator I (Ops I) position in the Processing Department. Plaintiff received a salary increase and performed the Operator I function from October 2009 until February 2013.

3.04   On February 1, 2013, Plaintiff was promoted to the position of OP II (Ops II, Senior Operator) in the Insertion Department. Plaintiff received an increase in salary and successfully performed this position at Defendant's Coppell, Texas location until May 2015.

3.05   On May 2015, Plaintiff was again promoted to the position of OP III (Ops III, Team Lead) in the Insertion Department. Plaintiff has continued to work for Defendant in this position to the present date.

3.06   With each promotion, Plaintiff was supposed to receive a salary increase commensurate with his promoted position. Plaintiff did not receive his promised salary increase for

the Ops III position. In February 2018, Plaintiff brought this to the attention of his supervisor, Donald Hooker, Jr. ("Hooker"), but no action was taken.

3.07   Plaintiff then reported to Defendant's Human Resources ("HR") Manager Bernadette Garcia Mangogna ("Mangogna") that he had not received his salary increase for his promotion to the Ops III position.

3.08   Mangogna and Hooker acknowledged Plaintiff's entitlement to a salary increase for his latest promotion and admitted to Plaintiff that the paperwork for his latest promotion and salary increase had not been properly completed.

3.09   Defendant's operations had three shifts, all of which required an Ops III position to lead each shift.

3.10   Rather than complete the proper paperwork to process Plaintiff's promotion to the OP III position and commensurate salary increase, Defendant told Plaintiff that he would have to re-apply for the OP III position even though Plaintiff had been successfully performing the position for the last three (3) years.

3.11   Plaintiff complied with Defendant's request and submitted his application for the OP III Team Lead position.

3.12   Much to Plaintiff's surprise and disappointment, Defendant instead appointed a Ms. Jennifer King to the Ops III position. Ms. King is a white female and significantly younger than Plaintiff.

3.13   Prior to Ms. King's appointment to the Ops III position, Plaintiff had been assigned to train and supervise Ms. King. Ms. King had no prior experience in Processing or Insertion, having previously worked at a Subway store. Plaintiff can attest to this because he was assigned the task of training her and has personal knowledge of her inferior capabilities and lack of experience to

perform the Ops III position.

3.14	Currently, there are still openings for the OP III position on at least one of the three shifts that Defendant maintains. Plaintiff has not been assigned to any of these open positions, and still has not received his salary increase.

3.15	Plaintiff has consistently displayed superior performance and has either met or exceeded Defendant's expectations.

3.16	As a result of Defendant's actions, Plaintiff has been denied his appropriate salary increase and is currently owed approximately $40,000, which represents the salary differential that Plaintiff has sustained as a result of Defendant's failure to process the paperwork and pay Plaintiff the salary increase since his last promotion in 2015.

3.17	Plaintiff has also had to endure embarrassment and humiliation from being required to reapply for a position that he worked in for 3 years, and for which he was more than qualified for, then passed over for a younger white female with inferior capabilities and lack of experience.

## IV.

## RACE AND GENDER DISCRIMINATION IN VIOLATION OF

## TITLE VII, 42 U.S.C. 2000e, *et seq.*

4.01	The foregoing paragraphs of this Complaint are incorporated in this Count fully as if set forth at length herein.

4.02	Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely black. 42 U.S.C. '2000e(f).

4.03	Defendant is an employer within the meaning of Title VII. 42 U.S.C. '2000e(b).

4.04	 All conditions precedent to filing this action for discrimination under federal law have been met. Plaintiff timely filed his charge of discrimination on the basis of race and gender with the

Equal Employment Opportunity Commission, and the EEOC. Plaintiff received his Notice of Right to Sue on or about March 15, 2021 and has filed the instant complaint within 90 days of his receipt thereof.

4.05    Defendant has violated Title VII, as amended, by discriminating against Plaintiff and his terms and conditions of employment on the basis of Plaintiff's race and gender. Defendant, by assigning a younger less experienced white female to a position that Plaintiff has successfully performed since 2015, has unlawfully interfered with Plaintiff's compensation, terms, conditions or privileges of employment.

4.06    Defendant, through its managers and other employees, engaged in a single, continuous course of conduct of racial discrimination, harassment, and retaliation against Plaintiff because of his race in order to seriously harm and intimidate Plaintiff and force him to terminate his employment.

4.07    Plaintiff is entitled to an award of monetary and compensatory damages in the form of attorney's fees and costs under Title VII.  42 U.S.C. ' 2000e-5(k).

4.08    The discrimination by Defendant against Plaintiff was intentional.  Accordingly, Plaintiff is entitled to recover punitive damages, attorneys' fees and all associated costs of his lawsuit.

## V.

## SECOND COUNT

## AGE DISCRIMINATION IN VIOLATION OF *29. U.S.C.* 626(e)) *et seq.*

5.01    The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

5.02    Plaintiff is within the protected age bracket and was at all times meeting Defendant's expectations.

5.03 All conditions precedent to filing this action for retaliation under federal law have been met. Plaintiff timely filed his charge of age discrimination and has filed the instant complaint within 90 days of his receipt of the Notice of Right to Sue.

5.04 Defendant, after directing Plaintiff to file for a position that he had been successfully performing, assigned the position to a younger less experienced female. In doing so, Plaintiff has violated the age discrimination in employment act 29 U.S.C. s.626 et seq.

5.05 Defendant's actions were intentional. Accordingly, Plaintiff is entitled to reinstatement and damages from Defendant for back pay, front pay, future pecuniary losses. Plaintiff is therefore, also entitled to recover punitive damages, attorneys' fees and all associated costs of his lawsuit.

## VI.

## THIRD COUNT

## BREACH OF CONTRACT, NON-PAYMENT OF WAGES

6.01 The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

6.02 In May 2015, Defendant promoted Plaintiff to the position of OP III based upon his ability and dedicated service. Commensurate with this promotion, Defendant also offered Plaintiff a salary increase, which Plaintiff accepted when he assumed the Ops III position.

6.03 Plaintiff diligently performed all of the duties of the OPS III position since May 2015 but has not been paid the salary differential for this position. Plaintiff believes and therefore asserts that he is owed approximately $40,000 which represents the differential between his former position and the current position of Ops III.

6.04 This breach of contract is ongoing and therefore all applicable statutes of limitations for this cause of action have been tolled.

## X.

## **JURY TRIAL DEMANDED**

10.01   Plaintiff demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Exemplary damages in an amount to be determined by the trier of fact;

(6) Prejudgment and post-judgment interest at the maximum legal rate;

(7) All costs of Court;

(8) Attorney's fees;

(9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: /s/ Nicholas A. 'Kelly
  Nicholas A. O'Kelly
  State Bar No.15241235
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile
nao@kilgorelaw.com

**ATTORNEYS FOR PLAINTIFF KENDRICK STIDOM**