UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRICK DEMON STIDOM, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:21-CV-01389-N |
| | § | |
| vs. | § | |
| | § | |
| JP MORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant JPMorgan Chase Bank, N.A. (incorrectly named JP Morgan Chase Bank, National Association) ("JPMC" or "Defendant"), files this Answer to Plaintiff Kendrick Demon Stidom's Original Complaint ("Complaint") (Doc. 1).

### I.
### PARTIES

1.01.   JPMC admits, upon information and belief, that Plaintiff is a 45-year old African American male.

1.02.   JPMC states that it is a national banking association with its principal place of business located in the state of Ohio. JPMC admits that it may be served with process through its registered agent CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas 75201. JPMC denies the remaining allegations in Paragraph 1.02 of the Complaint.

**II.**
**JURISDICTION AND VENUE**

2.01.   Based on the existence of a binding arbitration agreement between the parties, JPMC denies that this Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2.02.   Based on the existence of a binding arbitration agreement between the parties, JPMC denies that venue is proper in the Northern District of Texas, Dallas Division. JPMC also denies that it committed any of the unlawful acts upon which venue is allegedly based.

**III.**
**FACTUAL ALLEGATIONS AND BACKGROUND**

3.01.   JPMC admits that it is a national banking association and that it offers commercial banking and investment services in Texas and other locations in the United States.

3.02.   JPMC admits that Plaintiff began working for a JPMC predecessor in or around November 17, 1999 in Arlington, Texas. JPMC admits that Plaintiff later transferred to its Centreport Operations Center. JPMC denies the remaining allegations in Paragraph 3.02 of the Complaint.

3.03.   JPMC admits Plaintiff was rehired, on or around October 30, 2009. JPMC denies that Plaintiff received higher pay than what he had received in his previous position at JPMC. JPMC admits that Plaintiff worked as an Equipment Operator until on or around February 1, 2014. JPMC denies the remaining allegations in Paragraph 3.03 of the Complaint.

3.04.   JPMC admits that Plaintiff was moved into a higher job grade on or around February 1, 2014. JPMC admits that, following Plaintiff's transition into a higher job grade on or around February 1, 2014 he received higher pay than what he had received in his previous position at JPMC. JPMC admits that Plaintiff performed his role in JPMC's Freeport Texas location located

in Coppell, Texas through the present. JPMC denies the remaining allegations in Paragraph 3.04 of the Complaint.

3.05.   JPMC admits that Plaintiff is currently employed by JPMC. JPMC denies the remaining allegations in Paragraph 3.05 of the Complaint.

3.06.   JPMC denies that Plaintiff was promised a pay increase for an Operations Specialist III position as he was not promoted into this role and that, with each promotion he actually received, Plaintiff was supposed to receive a pay increase commensurate with his promoted position. Defendant does not have knowledge or information to respond to the remaining allegations in Paragraph 3.06 and accordingly denies such allegations.

3.07.   JPMC does not have knowledge or information sufficient to form a belief as to the allegations in Paragraph 3.07 of the Complaint at this time and accordingly, denies such allegations.

3.08.   JPMC denies the allegations in Paragraph 3.08 of the Complaint.

3.09.   The allegations in Paragraph 3.09 of the Complaint are unduly vague and lack specificity sufficient to support a response. Accordingly, JPMC denies the allegations in Paragraph 3.09.

3.10.   JPMC admits that Plaintiff was told he could apply for the Operational Specialist III position. JPMC otherwise denies the remaining allegations in Paragraph 3.10 of the Complaint.

3.11.   JPMC admits that Plaintiff applied for the Operational Specialist III position in or about May 2018. JPMC denies all remaining allegations in Paragraph 3.11.

3.12.   JPMC admits that it selected Jennifer King, who identifies as a White female, for an Operational Specialist III position. JPMC is without knowledge and information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 3.12 of the Complaint, and therefore denies such allegations.

3.13.    JPMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3.13, and therefore denies the allegations in Paragraph 3.13.

3.14.    JPMC admits Plaintiff is not currently employed as a Operational Specialist III, and thus has not received an increase in pay for this role. The remaining allegations in Paragraph 3.14 of the Complaint are unduly vague and lack specificity sufficient to support a response. Accordingly, JPMC denies the remaining allegations in Paragraph 3.14.

3.15.    JPMC denies the allegations in Paragraph 3.15 of the Complaint.

3.16.    JPMC denies the allegations in Paragraph 3.16 of the Complaint and denies that Plaintiff is entitled to the relief he seeks.

3.17.     JPMC denies the allegations in Paragraph 3.17 of the Complaint.

**IV.**
**RACE AND GENDER DISCRIMINATION IN**
**VIOLATION OF TITLE VII, 42 U.S.C. 2000E, ET SEQ.**

4.01.    JPMC incorporates by reference all preceding paragraphs as if fully set forth herein.

4.02.    JPMC admits, upon information and belief, that Plaintiff identifies as Black. Plaintiff's allegations that he is an employee within the meaning of Title VII and belongs to a class protected under the statute are legal conclusions for which no answer is required. To the extent an answer is required, JPMC denies these allegations.

4.03.    JPMC admits the allegations in Paragraph 4.03 of the Complaint.

4.04.    JPMC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.04 of the Complaint, and therefore denies such allegations.

4.05.    JPMC denies the allegations in Paragraph 4.05 of the Complaint.

4.06.    JPMC denies the allegations in Paragraph 4.06 of the Complaint.

4.07.    JPMC denies that Plaintiff is entitled to any relief as requested in the Complaint.

4.08.    JPMC denies all allegations and requests for relief asserted in Paragraph 4.08 of the Complaint.

**V.**
**SECOND COUNT**
**AGE DISCRIMINATION IN VIOLATION OF 29. U.S.C. 626(E) ET SEQ.**

5.01.    JPMC incorporates by reference all preceding paragraphs as if fully set forth herein.

5.02.    JPMC admits that, upon information and belief, Plaintiff is 45 years old. Plaintiff's allegation that he was within the protected age bracket is a legal conclusion for which no answer is required. To the extent an answer is required, JPMC denies this allegation. Plaintiff denies the remaining allegations in Paragraph 5.02 of the Complaint.

5.03.    JPMC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.03 of the Complaint, and therefore denies such allegations.

5.04.    JPMC denies all allegations in Paragraph 5.04 of the Complaint.

5.05.    JPMC denies the allegations in Paragraph 5.05 of the Complaint and denies that Plaintiff is entitled to the relief he seeks.

**VI.**
**THIRD COUNT**
**BREACH OF CONTRACT, NON-PAYMENT OF WAGES**

6.01.    JPMC incorporates by reference all preceding paragraphs as if fully set forth herein.

6.02.     JPMC denies the allegations in Paragraph 6.02 of the Complaint.

6.03.    JPMC denies the allegations in Paragraph 6.03 of the Complaint and denies that Plaintiff is entitled to the relief he seeks.

6.04.    JPMC denies the allegations in Paragraph 6.04 of the Complaint.

**X.[1]**
**<u>JURY TRIAL DEMANDED</u>**

10.01.  The jury demand in Paragraph 10.01 of the Complaint does not require a response.

10.02.  In response to the relief requested in subsections (1) through (9) of the unnumbered paragraph immediately following Paragraph 10.01 in the Complaint, JPMC denies that Plaintiff is entitled to any of the relief he seeks in these subsections.

10.03.  To the extent not expressly admitted above, the allegations of the Complaint are denied.

**XI.**
**<u>AFFIRMATIVE DEFENSES AND ADDITIONAL RESPONSES</u>**

In addition to the factual and legal denials stated above, and without altering or amending the burden of proof for any claim asserted by Plaintiff, JPMC sets forth the following affirmative or other defenses to the allegations contained in the Complaint:

1.      Plaintiff fails to state a claim upon which relief can be granted in whole or in part. The Complaint fails to assert factual allegations with specificity sufficient to support a claim that Defendant intentionally engaged in adverse employment actions toward Kendrick Demon Stidom because of his inclusion in a protected classification.

2.      JPMC reserves the right to assert that Plaintiff's claims are subject to binding arbitration.

3.      JPMC denies that Plaintiff has been subject to any adverse employment action under federal or state law during his employment at JPMC.

---

[1] The numbering of Sections in this Answer skips Sections VII through IX in order to match the Sections plead by the Plaintiff.

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ORIGINAL
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT                                    Page 6
29696012

4.      To the extent that Plaintiff relies on any events, allegations, or claims occurring outside of the applicable change filing period and statute of limitations before the filing of a Charge of Discrimination, those events, allegations, or claims are barred or limited by law.

5.      To the extent that Plaintiff's allegations exceed the scope of the allegations contained in his Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and/or any other state or local fair employment practices agency, Plaintiff has failed to timely exhaust statutory prerequisites to litigation of such claims.

6.      To the extent that Plaintiff failed to file this action within the time limits for filing an action after receipt of an administrative notice of right to sue, some or all of Plaintiff's claims are limited or barred by law.

7.      JPMC asserts that all employment decisions concerning Plaintiff during the relevant time periods were done for legitimate non-discriminatory and non-retaliatory business reasons. Further, in the event of any finding of mixed motive, Defendant would have made the same employment decisions even in the absence of any impermissible motivating factor.

8.      Plaintiff's claims are barred, in whole or in part, because JPMC took prompt and appropriate corrective action in response to any complaints or stated concerns regarding the workplace made by Plaintiff, if there were any, thereby satisfying all legal obligations it had.

9.      Plaintiff's claims are barred, in whole or in part, because of his unreasonable failure to avail himself of his employer's measures to prevent and correct any discrimination, harassment and retaliation, the use of which would have prevented the harm Plaintiff alleges that he suffered.

10.     Any unlawful or wrongful acts, if any, taken by JPMC's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified,

or condoned by JPMC.  In addition, JPMC did not know, nor should it have known of any such acts.

11.     Plaintiff's claims are barred, in whole or in part, or in the alternative, Plaintiff's claims for relief, including economic damages, should be denied and/or limited pursuant to the doctrine of "after-acquired evidence" to the extent the doctrine applies in this case.

12.     Subject to information developed in discovery, Plaintiff's claim for damages is barred to the extent that Plaintiff failed to mitigate his alleged damages, if any, and if any damages are proved, those damages should be reduced by the amount attributable to Plaintiff's failure to mitigate damages.

13.     JPMC made a good faith effort to comply with all relevant statutes, and punitive damages are thus unavailable. JPMC did not commit the illegal acts alleged, did not have the requisite intent or state of mind to commit any of the illegal acts alleged, and did not act intentionally and with malice or with reckless disregard for anyone's legally protected rights.

14.     Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of estoppel and/or waiver.

15.     Plaintiff's claim for damages are subject to the statutory cap set forth in 42 U.S.C. § 1981a, and any other applicable statute.

16.     Plaintiff's claim for punitive damages is barred or limited to the extent an award of punitive damages based on the facts of this case would be unconstitutional. Such a recovery would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and/or would amount to a denial of due process and equal protection of the laws, especially to the extent that any such award does not bear a reasonable relationship to either (1) the degree of

reprehensibility involved with JPMC's alleged conduct; (2) the alleged harm; or (3) damages awarded in comparable cases.

17.    JPMC reserves the right to assert additional affirmative defenses as well as to amend and supplement this Answer as warranted from information gained in discovery, investigation of Plaintiff's claims, and clarification of Plaintiff's claims.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. urges that Plaintiff's Original Complaint be dismissed, that judgment be entered, that Plaintiff take nothing by this cause, and that the Court award Defendant such additional relief as is just and proper.

Respectfully submitted,

By:  */s/ John V. Jansonius*
    John V. Jansonius
    State Bar No. 10571900
    Email: jjansonius@jw.com
    Shelisa E. Brock
    State Bar No. 24097420
    Email: sbrock@jw.com
    2323 Ross Avenue, Suite 600
    Dallas, Texas 75201
    Telephone: (214) 953-6000
    Facsimile: (214) 953-5822

**ATTORNEYS FOR JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that on August 23, 2021, a true and correct copy of the foregoing document was served electronically via ECF on all counsel of record.

*/s/ John V. Jansonius*
John V. Jansonius