IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRICK DEMON STIDOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-1389-N |
| | § | |
| JP MORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant JP Morgan Chase Bank, National Association's ("Chase") motion for summary judgment [25]. The Court finds that no genuine dispute of material fact exists as to any of Plaintiff Kendrick Demon Stidom's claims. Accordingly, the Court grants the motion.

### I. THE ORIGINS OF STIDOM'S CLAIMS

Chase currently employs Stidom as a Transaction Specialist III.[1] Def.'s App. 84 [27]. Stidom has worked for Chase in two stints, first from November 1999 to January 2009 and then from October 2009 until the present. *See id*. at 2, 3, 84. Chase rehired Stidom in 2009 as an equipment operator. *Id*. at 3. Chase employed its equipment operators, including Stidom, as at-will employees. *Id*. at 3, 34, 35. There are three levels of equipment operators: Operator I ("Ops I"), Operator II ("Ops II"), and Operator III ("Ops

---

[1] Transaction Specialist is the term Chase now uses for the previous position of equipment operator. Def.'s App. 84.

ORDER – PAGE 1

III"). *Id*. at 81. Several years before this dispute began, Chase promoted Stidom to Ops II. *See id*. at 3.

This dispute arose in February 2018 when Stidom informed his then-supervisor, Bernadette Garcia-Mangona, that he had been promoted to Ops III but had not received the accompanying title or compensation increase. *Id*. at 82. Chase's Employee Relations Department began its investigation to determine the validity of Stidom's report. *Id*. at 3. All of Chase's human resources records indicated that Stidom had not applied for, or received, a promotion to Ops III. *Id*. at 3, 42, 51, 81. Chase followed up with Stidom's previous supervisor, Donald Hooker, who stated that he had interviewed Stidom for an Ops III position and offered him the job. *Id*. at 7. The next day, Hooker informed Chase that he was mistaken, attributing the error to his faulty memory and the three-year passage of time. *Id*. No other members of management corroborated Stidom's account, and in May 2018, Chase concluded that Stidom's claim was unsupported. *Id*. at 3.

Early in 2018, Chase created a new Ops III position. *Id*. at 82. Six candidates, including Stidom, applied for the position. *Id*. at 4. At least two managers conducted each interview using standardized questions and scorecards. *Id*. at 83. Stidom, a 41-year-old black man, was passed over for the position in favor of Jennifer King, a younger white woman. *Id*. at 84. Based on the candidates' performances during the interview, the managers determined that King was best qualified for the position. *Id*.

Stidom filed this suit alleging breach of contract, arising from Chase's failure to pay the increase salary after the alleged promotion in 2016, and various discrimination claims,

ORDER – PAGE 2

arising from Chase's decision to promote King ahead of Stidom for the Ops III role in 2018. Chase now moves for summary judgment on all claims.

## II. THE LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Though Stidom has not responded to Chase's motion, summary judgment cannot be granted "merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The moving party still must meet its initial burden of informing the Court of the basis for its belief that there is no genuine issue of fact for trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), or that "there is an absence of evidence necessary to prove a specific element of the case." *Thomas v. Barton Lodge II, Ltd.*, 17 F.3d 636, 644 (5th Cir. 1999) (citing *Celotex*, 477 U.S. at 322–23). A party bringing a no-evidence motion must go beyond "mere conclusory statement[s]" to satisfy its burden under *Celotex*. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017).

The burden then shifts to the non-moving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Vedol v. Jacobs Ent., Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011) (quoting *Celotex*, 477 U.S. at 324 (internal quotation marks omitted)). Failure by the nonmovant to file a substantive response constitutes failure to carry that burden. *Id.*

### III.  THE COURT GRANTS SUMMARY JUDGMENT ON ALL CLAIMS

Stidom alleges claims of breach of contract, age discrimination, race discrimination, and sex discrimination.  Chase has effectively brought a no-evidence motion, arguing that Stidom lacks evidence to support the requisite elements of each claim.

#### A.  *Stidom's Breach of Contract Claim Fails*

Stidom's breach of contract claims is barred by the statute of limitations.  Texas law provides a four-year statute of limitations for breach of contract.  *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE § 16.051).  Accrual begins when the contract is breached.  *Id*. (citing *Smith v. Fairbanks, Morse & Co.*, 102 S.W. 908, 909 (1907).  Here, Stidom stated that he did not receive a ten-percent increase in salary in February 2016, and he knew that his pay rate had not been adjusted to the Ops III rate.  Def.'s App. 46, 50, 51.  Therefore, accrual began when the alleged breach occurred in February 2016.  Stidom filed this suit in June 2021; over five years had passed since the claim began to accrue, and the statute of limitations had already expired.  Accordingly, Chase is entitled to summary judgment on this claim.

#### B. *Stidom's Race and Sex Discrimination Claims Fail*

Stidom claims that Chase discriminated against him based on his race and sex in violation of Title VII.  Employment discrimination and retaliation cases can be proved by direct or circumstantial evidence.  *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  In cases such as this one, where the plaintiff has not produced direct evidence in support of his claims, courts in this Circuit apply a modified version of the *McDonnell Douglas* burden-shifting framework.  *Burrell*, 482 F.3d at 411–

12 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). First, the plaintiff must establish a *prima facie* case of discrimination or retaliation. *Burrell*, 482 F.3d at 411. If the plaintiff can do so, "the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff." *Id*. "If the defendant meets its burden of production," the burden then finally shifts back to the plaintiff to "offer sufficient evidence to create a genuine issue of material fact." *Id*. at 412. A Title VII plaintiff may do so by showing "that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Id*. The "burden of persuasion remains with the employee throughout." *Saketkoo v. Adm'rs of Tulane Ed. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022).

Stidom contends that his race and sex were motivating factors in Chase's decision not to promote him, but Chase offers a nondiscriminatory reason for promoting King instead. Chase asserts that the managers made their decision based on interview performances. The Fifth Circuit has held that subjective assessments of candidates in interviews can be a legitimate, nondiscriminatory criterion when employers provide a clear and reasonably specific basis for their subjective assessment. *See, e.g.*, *Joseph v. City of Dallas*, 277 F. App'x 436, 440–441 (5th Cir. 2008). The managers conducting the Ops III interviews explained that they were concerned about Stidom's ability to lead a team, and in stark contrast to King's interview performance, Stidom's answers did not demonstrate the requisite skills. Def.'s App. 83, 84, 90, 99. As Chase has articulated a legitimate, nondiscriminatory reason for promoting King, the burden shifts to Stidom to produce

ORDER – PAGE 5

evidence of pretext. But Stidom has not produced such evidence. Therefore, Chase is entitled to summary judgment on these claims.

### C. Stidom's Age Discrimination Claim Fails

Stidom also claims that Chase discriminated against him based on his age, in violation of the Age Discrimination in Employment Act ("ADEA"). The ADEA sets forth a higher causation standard than Title VII. To succeed on his age discrimination claim, Stidom must prove "that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Services, Inc.*, 557 U.S. 167, 180 (2009). Here, Chase has provided evidence that the managers selected King based on her superior interview results. Def.'s App. 83, 84, 90, 99. The managers' assessments of the six applicants' during the interviews provides a legitimate, nondiscriminatory reasoning for the adverse action. *See Joseph*, 277 F. App'x at 440–441. Moreover, Stidom admitted that he believed Chase's reluctance to pay backpay was the primary reason he was not promoted. Def.'s App. 63. Even accepting Stidom's unsupported version of events as true, Chase made its decision for financial concerns wholly unrelated to Stidom's age; age would not have been a but-for cause for King's promotion ahead of Stidom. Because the record shows that age was not a but-for cause for Chase's decision to promote King over Stidom, the Court grants summary judgment to Chase on this claim.

### D. Stidom's Retaliation Claim Fails

To establish a *prima facie* case of retaliation under Title VII, the evidence must show that: (1) Stidom engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and

ORDER – PAGE 6

the adverse employment action.  *Saketkoo*, 31 F.4th at 1000 (quoting *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (citation omitted)).

Stidom has not alleged that he engaged in any protected activity, such as making reports of discrimination to Chase or a government agency, prior to the alleged retaliation.[2] *See* Def.'s App. 52–54.  Therefore, he cannot establish a *prima facie* case of retaliation, and the Court grants summary judgment to Chase on this claim.

### CONCLUSION

Chase has carried its burden as the movant for summary judgment by asserting that Stidom lacks evidence to support specific elements of each of his claims.  Stidom has not responded to raise a genuine issue of material fact for trial.  Accordingly, the Court grants Chase's motion for summary judgment.

Signed December 20, 2022.

_____
David C. Godbey
Chief United States District Judge

---

[2] Although the complaint mentions retaliation only in passing, Compl. 5 [1], in an abundance of caution, the Court considers the merits of this claim.